# PARONICH LAW, P.C.

350 Lincoln Street, Suite 2400
Hingham, MA 02043

Anthony I. Paronich                                                             Tel. (508) 221-1510
                                                                                Fax (508) 318-8100
                                                                                anthony@paronichlaw.com

November 6, 2025

**VIA ECF**

Hon. Joseph A. Marutollo
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: *Hoffman v. RFG USA Inc. d/b/a Royal Funding Group*, No. 1:25-cv-02186

Dear Judge Marutollo:

    **A. Brief statement of the case and issues.**

    This is a putative TCPA class action arising from alleged telemarketing calls and text messages made to telephone numbers listed on the National Do-Not-Call Registry and messages lacking required caller identification. Plaintiff's claims include violations of 47 U.S.C. § 227 and 47 C.F.R. § 64.1200 (including Do-Not-Call and identification requirements), and parallel state-law claims under Washington's Commercial Consumer Protection Act. Plaintiff alleges that Defendant initiated communications using common lead-generation outreach practices and that records will show the scope of the calling practices, consent practices and other applicable policies.

    **B. Plaintiff's position**

    Plaintiff served his first set of interrogatories and document requests on September 22, 2025. Under Rules 33(b)(2) and 34(b)(2)(A), responses were due in 30 days (October 22, 2025). None were served. During the November 4 meet-and-confer, defense counsel advised he expected to be replaced but provided no timetable for substitution or compliance. The delinquency materially impairs Plaintiff's ability to meet interim deadlines and the April 24, 2026 fact discovery cutoff.

    The requests are proportional and directed to the heart of class and merits issues (identity of callers/vendors, systems used, consent data and revocations, DNC scrubbing, call and text logs, complaints, and compliance policies). Untimely objections are waived absent good cause. Plaintiff therefore respectfully requests the following relief:

1. Order compelling complete responses and production to Plaintiff's First Set of Discovery within 7 days of the Court's order, with a certification of completeness.

2. Finding that objections (other than privilege) not asserted by October 22, 2025 are waived, or in the alternative, limiting any late objections accordingly.

3. If Defendant intends to substitute counsel, require a notice of appearance within 3 days, with no impact on the 7-day production deadline.

**C. Defendant's Position**

Notwithstanding the impending substitution, the defendant would need several additional weeks to respond to the discovery demands—this was expressed to the plaintiff's counsel during the November 4, 2025 telephone discussion (this was the only telephonic discussion concerning this discovery dispute). With respect to the timeline for the substitution, the defendant's counsel of record could not provide an exact timetable because he cannot control when exactly the substitution would be filed—it cannot be filed unilaterally. To the extent that the court requires further details concerning the substitution, defendant's counsel should be permitted to discuss this with the Court *in camera*, as the details of the attorney-client relationship do not concern the plaintiff.

There is no basis to require responses on the one-week period demanded by the plaintiff or for any waiver of objections. This case is in its infancy, and there are more than six months remaining to complete discovery. Plaintiff's assertion of prejudice is greatly exaggerated, and the sanctions requested by the plaintiff are clearly disproportionate.

**D. Certification of meet-and-confer.**

Plaintiff certifies that counsel conferred in good faith by email and telephone on October 27, November 3, and November 4, 2025 but were unable to resolve the dispute.

Respectfully submitted,

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
anthony@paronichlaw.com
Counsel for Plaintiff