## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MARK HOFFMAN,** individually and on behalf of all others similarly situated, | Case No. 25-2186 |
| *Plaintiff,* | |
| *v.* | **CLASS ACTION** |
| **RFG USA INC. D/B/A ROYAL FUNDING GROUP** | **JURY TRIAL DEMANDED** |
| *Defendant.* | |

## **PLAINTIFF'S STATUS REPORT**

The Plaintiff[1] submits this status report pursuant to the Court's November 25, 2025 Order directing a filing by December 2, 2025 and noting the "apparent slow pace of discovery." The Plaintiff agrees. Defendant has yet to provide a single written discovery response or document production, despite Plaintiff having served his requests months ago and following up repeatedly. Defendant never requested an extension prior to failing to meet its deadlines and effectively left the case dormant until the Plaintiff sought the Court's intervention. Plaintiff has been forced to chase basic information for months while Defendant has offered a rotating set of explanations— none of which change the fact that discovery has simply not occurred.

Indeed, since the last status report, the Defendant has still not offered a date the discovery responses would be provided or documents produced or even provided any input on this status report. Relevant to the vendor data, Plaintiff's counsel had already been actively coordinating with the texting vendor's counsel for weeks. On October 6, 2025, the vendor produced objections and responses to Plaintiff's second subpoena, and thereafter email exchanges were held to schedule further discussion. Vendor's counsel, Mr. Blynn, produced information, scheduled calls, and remained responsive. A conference was set after back-and-forth emails on October 9 and October 10, 2025. Contrary to Defendant's assertion that it "never received" the texting data, the vendor's counsel had previously transmitted materials and engaged in multiple rounds of communication. In fact, earlier today, upon hearing Defendant's latest claim that neither its client nor prior counsel ever received the texting logs, Plaintiff's counsel emailed the vendor's attorney.

---

[1] As evidenced by the correspondence attached as <u>Exhibit 1</u>, the Plaintiff has repeatedly attempted to confer with counsel for the Defendant regarding this report. However, the

This issue underscores the ongoing problem: the vendor has been responsive; Plaintiff has been diligent; Defendant is the only party who has failed to take any steps to obtain or produce the material at issue. Plaintiff remains concerned that the claimed lack of receipt is simply the latest iteration of Defendant's discovery neglect, and Plaintiff should not be prejudiced because Defendant either failed to review communications, failed to communicate with its own vendor, or otherwise failed to manage its obligations.

Defendant's counsel asked on December 1, 2025 for a "courtesy copy" of Plaintiff's discovery requests—the same requests Defendant was supposed to answer months ago. Plaintiff's position is that, at this stage, Defendant has forfeited the ability to assert objections other than privilege or work-product. Defendant's months-late attempt to reengage does not negate the prejudice caused by its inaction. Plaintiff therefore requests that the Court order Defendant, by December 15, 2025, to serve full and complete responses without objection (other than privilege), produce all responsive documents, provide a privilege log, and produce the text-message logs and data the vendor previously transmitted or attempted to transmit. Given the history, Plaintiff further believes that firm deadlines, enforced by the Court, are necessary to prevent additional delay.

RESPECTFULLY SUBMITTED AND DATED this 2nd day of December, 2025.

PLAINTIFF, on behalf of himself
and others similarly situated,

*/s/ Anthony I. Paronich*
Anthony I. Paronich, *Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043

---

Defendant never provided any edits to the report and the Plaintiff was obligated to file his own report.

(508) 221-1510
anthony@paronichlaw.com