IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MARK HOFFMAN,** individually and on behalf of all others similarly situated, *Plaintiff*, v. **RFG USA INC. D/B/A ROYAL FUNDING GROUP** *Defendant.* | Case No. 25-cv-2186 **CLASS ACTION** **JURY TRIAL DEMANDED** |

## JOINT STATUS REPORT

Plaintiff Mark Hoffman ("Plaintiff" or "Mr. Hoffman") and Defendant RFG USA Inc. d/b/a Royal Funding Group ("Defendant") submit this Joint Status Report pursuant to the Court's December 4, 2025 Order, which directed that "[t]he parties are directed to see to their discovery obligations with diligence and in good faith," and further directed that the parties "file a joint status report regarding discovery by December 23, 2025," advising "whether they are amenable to a settlement conference before Magistrate Judge Marutollo."

**Plaintiff's Position on Discovery**

Defendant has not acted with diligence or in good faith with respect to its discovery obligations. On December 4, 2025, Defendant represented to the Court that it would serve written responses and objections and make an initial rolling production by December 16, 2025, and that it would substantially complete review of vendor materials and continue rolling productions by December 20, 2025. *See* ECF No. 27. That did not occur.

As such, counsel for the Plaintiff sent a draft of this status report the morning of December 23, 2025 outlining as much. In response, at approximately 2:00 PM the Defendant sent over

written responses and objections (attached as <u>Exhibit 1</u>). The responses did not include any documents despite the Defendant previously indicating (and the subpoena recipient confirming) that the texting logs to the Plaintiff and putative class members had been produced to counsel for the Defendant. Indeed, when preparing this joint report, counsel for the Defendant indicated that his computer was "freezing" when attempting to open those records.

**Defendant's Position on Discovery**

Defendant respectfully disagrees with Plaintiff's characterization that it failed to act diligently or in good faith. Following the Court's December 4 Order, Defendant undertook a reasonable and necessary review of its internal records, as well as materials maintained by third-party service providers, in order to ensure that its discovery responses would be accurate, complete, and consistent with its obligations under the Federal Rules of Civil Procedure.

Defendant advises that undersigned counsel informed Plaintiff's counsel that he would attempt to provide discovery responses by Sunday, December 21, 2025. Defendant was unable to complete service by that date. Any brief delay was due, in part, to undersigned counsel being ill and unable to work for several days, which temporarily placed counsel behind schedule. Defendant submits that any resulting delay was minimal and de minimis, amounting to only a few days, and was not the result of any lack of diligence or bad faith.

Defendant further advises that on December 23, 2025, Defendant served its written Responses and Objections to Plaintiff's First Set of Interrogatories and Requests for Production. As set forth in those responses, Defendant has identified no records reflecting outbound telephone calls to Plaintiff and denies using an automatic telephone dialing system. Defendant further states that it is continuing to cooperate in discovery and will produce any non-privileged, responsive materials consistent with its responses and the Federal Rules. Defendant submits that the brief

2

timing issue does not prejudice Plaintiff and does not warrant court intervention at this stage. Defendant further states that it has received certain text-message data from a third-party vendor, that such data is currently under review, and that any non-privileged, responsive materials will be produced consistent with the Federal Rules of Civil Procedure.

**Joint Position on Settlement**

With respect to settlement, Plaintiff is unable to proceed with a demand or have a productive settlement discussion without production of the class telemarketing data that the Defendant possesses.

Defendant states that it remains open to discussing a resolution in good faith but believes that any settlement conference would be more productive after the parties have had an opportunity to review Defendant's formal discovery responses and any accompanying production.

RESPECTFULLY SUBMITTED AND DATED this 23rd day of December, 2025.

| | |
|---|---|
| PLAINTIFF, on behalf of himself and others similarly situated, | DEFENDANT RFG USA INC. D/B/A ROYAL FUNDING GROUP |
| */s/ Anthony I. Paronich*<br>Anthony I. Paronich, *Pro Hac Vice*<br>Paronich Law, P.C.<br>350 Lincoln Street, Suite 2400<br>Hingham, MA 02043<br>(508) 221-1510<br>anthony@paronichlaw.com | */s/ Alan J. Sasson*<br>Alan J. Sasson, Esq.<br>Law Office of Alan J. Sasson, P.C.<br>2102 Avenue Z, Suite 201<br>Brooklyn, NY 11235<br>(718) 339-0856<br>Alan@Sassonlaw.com |