IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MARK HOFFMAN,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**RFG USA INC. D/B/A ROYAL FUNDING GROUP**<br><br>*Defendant.* | Case No. 25-2186<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT RFG USA INC. D/B/A ROYAL FUNDING GROUP'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

1.      Defendant RFG USA Inc. d/b/a Royal Funding Group ("Defendant" or "RFG"), by its attorneys, responds and objects to Plaintiff's First Set of Interrogatories and Requests for Production pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure. These responses are based upon a reasonable review of information currently available to Defendant at this time and are subject to supplementation.

### GENERAL OBJECTIONS AND RESERVATION OF RIGHTS

2.      Defendant objects to each Interrogatory to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

3.      Defendant objects to Interrogatories that are vague, ambiguous, overbroad, unduly burdensome, or not proportional to the needs of the case under Rule 26(b)(1).

4.      Defendant objects to Interrogatories that assume facts not admitted, including that Defendant made telephone calls to Plaintiff, used an ATDS, or acted willfully.

5. Defendant objects to Interrogatories seeking class-wide discovery prior to class certification.

6. Defendant objects to Interrogatories seeking information not within Defendant's possession, custody, or control.

7. Defendant expressly limits its responses to Plaintiffs' Discovery Requests to the information or documents that can be located after a reasonable and diligent search, within the short period allowed, of its records believed most likely to contain the responsive information.

8. Defendant's investigation into the facts alleged in Plaintiffs' Amended Complaint is ongoing, and Defendant continues to search for information or documents responsive to Plaintiffs' Discovery Requests. As additional information or documents become available, Defendant reserves the right to amend, modify, clarify and/or supplement its responses and objections as appropriate.

9. Defendant's decision to provide information or documents notwithstanding the objectionable nature of Plaintiffs' Discovery Requests is not to be construed as an admission that the information or document is relevant, as a waiver of the general or specific objections, or as an agreement that future requests for similar discovery will be treated in a similar manner.

10. These General Objections and Limitations apply to each of Plaintiffs' Discovery Requests as though restated in full in response thereto. To the extent Defendant asserts objections to individual requests, those objections shall apply equally to any subparts of the request.

11. Each response below is made subject to and without waiving these objections.

## RESPONSES TO INTERROGATORIES

1.  Identify each person who provided the information to answer interrogatories in this case and specify the interrogatories about which each such person provided information.

**ANSWER: Subject to and without waiving its objections, Defendant states that Joseph Grand provided information in responding to all Interrogatories propounded by Plaintiff in this First Set of Discovery.**

2.  Identify all employees or vendors involved in making outbound calls as part of the campaign that contacted the Plaintiff. This includes, but is not limited to, (a) third parties that you contract with who make telemarketing calls to generate leads (b) the dialing system platform or provider used to make calls (c) where the phone numbers to make the calls is obtained.

**ANSWER: Defendant objects to this Interrogatory as vague, overbroad, unduly burdensome, and premised on facts not admitted.**

**Subject to and without waiving these objections, Defendant states that it has identified no records reflecting that any outbound telephone calls were made to Plaintiff. Defendant further states that it did not make any outbound telephone calls to Plaintiff using an automatic telephone dialing system or autodialer. To the extent any outbound calls hypothetically occurred, such calls would have been manually dialed.**

3.  Identify and describe the work of each employee or vendor identified in response to Interrogatory No. 2.

**ANSWER: Defendant objects as overbroad and premised on an incorrect factual assumption.**

**Subject to and without waiving these objections, Defendant states that no employees or vendors have been identified as having made outbound telephone calls to Plaintiff, and therefore no responsive information exists.**

3

4.  Identify all third parties or sub-vendors used by your vendors to for you as part of your relationship with any vendor identified in response to Interrogatory No. 2.

**ANSWER: Defendant objects as overbroad and premised on an incorrect assumption.**

**Subject to and without waiving these objections, Defendant states that it is not aware of any third party or sub-vendor that placed outbound telephone calls to Plaintiff, and Defendant has identified no records reflecting that any such calls occurred.**

5.  Identify each of the individuals that spoke with Plaintiff from your company or any of its vendors.

**ANSWER: Defendant objects as assuming facts not admitted.**

**Subject to and without waiving these objections, Defendant states that no employee, agent, or vendor of Defendant spoke with Plaintiff by telephone, as Defendant has identified no records showing that any outbound telephone calls to Plaintiff occurred.**

6.  If you contend that Plaintiff provided consent to receive solicitation telephone calls, state all facts in support of that contention and identify the date(s) on which and the means by which you contend consent was obtained.

**ANSWER: Defendant objects as overbroad and premised on an incorrect factual assumption.**

**Subject to and without waiving these objections, Defendant states that it does not contend that Plaintiff provided consent to receive solicitation telephone calls, as Defendant has identified no records reflecting that any outbound telephone calls to Plaintiff were made.**

4

7.  If you contend that a third party made the calls alleged in the complaint, identify that third party and state all facts in support of the same.

**ANSWER: Defendant objects as premised on facts not admitted.**

**Subject to and without waiving these objections, Defendant states that it does not contend that any third party made outbound telephone calls to Plaintiff, as Defendant has identified no records showing that any such calls occurred.**

8.  Identify all communications you've had with any third party, other than your counsel, regarding this lawsuit.

**ANSWER: Subject to and without waiving its objections, Defendant states that it has not had any communications regarding this lawsuit with any third party other than its legal counsel.**

9.  Identify by make, model, structure and location the system(s), platform(s), and/or equipment used by you, or any vendor, used to contact the Plaintiff.

**ANSWER: Defendant objects as overbroad and seeking proprietary information.**

**Subject to and without waiving these objections, Defendant states that it did not use any automatic telephone dialing system or autodialer to contact Plaintiff, and Defendant has identified no records reflecting that any outbound telephone calls to Plaintiff were made. To the extent Plaintiff alleges receipt of text messages, such messages, if any, may have been sent via a third-party text-messaging platform.**

10. State all facts in support of any affirmative defenses you have raised.

**ANSWER: Defendant objects as vague and premature.**

**Subject to and without waiving these objections, Defendant states that its affirmative defenses include, inter alia, that Defendant did not make outbound telephone**

**calls to Plaintiff using an ATDS, Defendant has identified no records of outbound calls to Plaintiff, Defendant did not act willfully or knowingly, and Plaintiff lacks standing and damages.**

11. Identify and describe in detail the process by which you (or any vendor acting on your behalf) "scrubbed" telephone numbers against the National Do Not Call Registry during the relevant time period. In your answer, identify all persons involved, the software or service provider(s) used, and the frequency of such scrubs.

**ANSWER: Defendant objects as overbroad and premised on an incorrect factual assumption.**

**Subject to and without waiving these objections, Defendant states that because it has identified no records of outbound telephone calls to Plaintiff, Defendant had no obligation to scrub Plaintiff's telephone number against the National Do Not Call Registry with respect to outbound calls.**

12. Identify and describe all methods by which you claim to have obtained prior express written consent for outbound calls or texts made during the class period. In your answer, identify each vendor, lead generator, or affiliate involved and specify whether any records of such consent exist.

**ANSWER: Defendant objects as overbroad and calls for legal conclusions.**

**Subject to and without waiving these objections, Defendant states that it does not contend that Plaintiff provided prior express written consent for outbound telephone calls, as Defendant has identified no records reflecting that any outbound telephone calls to Plaintiff occurred.**

6

13. Identify each person or entity responsible for TCPA or Do Not Call Registry compliance during the relevant period, including their job titles, dates of service, and specific responsibilities.

**ANSWER: Defendant objects as overbroad and premised on an incorrect factual assumption.**

**Subject to and without waiving these objections, Defendant states that because it does not engage in unsolicited outbound telephone calling campaigns, there is no designated individual responsible for National Do Not Call Registry compliance with respect to outbound calls during the relevant period.**

14. Identify all governmental investigations, inquiries, or complaints received from the FCC, FTC, state attorneys general, or any other regulator concerning outbound telemarketing during the relevant time period.

**ANSWER: Defendant objects to this Interrogatory as overbroad and not proportional to the needs of the case.**

**Subject to and without waiving these objections, Defendant states that it is not aware of any governmental investigations, inquiries, or complaints from the FCC, FTC, state attorneys general, or any other regulator concerning outbound telemarketing during the relevant time period.**

15. Identify any person (whether employed by you or not) whom you have disciplined, reprimanded, or taken similar action against for allowing or making allegedly unlawful or unauthorized outbound calls. In your answer, please identify all persons involved in any investigation, describe the reasons for your disciplinary action or reprimand, and describe the action taken against the person.

**ANSWER**: Defendant objects to this Interrogatory as overbroad, unduly burdensome, and premised on facts not admitted.

Subject to and without waiving these objections, Defendant states that no person has been disciplined or reprimanded for allegedly unlawful outbound telephone calls, as Defendant has identified no records reflecting that any such calls occurred.

## DOCUMENT REQUESTS

1. Please produce all non-attorney-client-privileged documents identified in or used to research or draft responses to interrogatories in this case.

**RESPONSE:** Defendant objects as overbroad and seeking attorney work product. Subject to and without waiving these objections, Defendant states that no non-privileged documents exist that were used to draft interrogatory responses, which were based on a reasonable review of Defendant's records and information provided by management. No documents will be produced.

2. Please produce all documents supporting or contradicting any affirmative defense made in any answer by you to any complaint in this case.

**RESPONSE:** Defendant objects as vague, overbroad, and premature. Subject to and without waiving these objections, Defendant states that no documents have been identified that contradict Defendant's affirmative defenses, and Defendant will produce any non-privileged, responsive documents, if any, consistent with its objections.

3. Please produce all documents related to Plaintiff, including, but not limited to, all documents evidencing your relationship with Plaintiff or your investigation into outbound calls made to Plaintiff.

8

**RESPONSE:** **Defendant objects as overbroad and premised on an incorrect factual assumption. Subject to and without waiving these objections, Defendant states that it has identified no documents evidencing outbound telephone calls to Plaintiff. Defendant will produce any non-privileged, Plaintiff-specific documents, if any, consistent with its objections.**

4. Please produce all documents relating to any failure by a vendor of yours to abide by your policies or any agreement you had relating to the sending of outbound calls.

**RESPONSE:** **Defendant objects as overbroad and premised on facts not admitted. Subject to and without waiving these objections, Defendant states that no responsive documents exist, as Defendant has identified no outbound telephone calls to Plaintiff and no vendor failures relating to outbound calls.**

5. Please produce all complaints or do-not-call requests concerning outbound calls made by you or by any vendor of yours for allowing or making allegedly unlawful or unauthorized outbound calls. This request, but is not limited to, any written complaints (litigation or pre-litigation) received by you, any response sent, and any internal correspondence about the same.

**RESPONSE:** **Defendant objects as overbroad and not proportional. Subject to and without waiving these objections, Defendant states that no responsive documents exist because Defendant has identified no outbound telephone calls to Plaintiff.**

6. All contracts or documents representing agreements with any vendor that provided you with the Plaintiff's telephone number or information.

**RESPONSE:** **Defendant objects as overbroad and seeking confidential business information. Subject to and without waiving these objections, Defendant will produce non-**

9

privileged, responsive agreements, if any, consistent with its objections and subject to a protective order if appropriate.

7. All internal communications at your company regarding any vendor that provided you with the Plaintiff's telephone number or information.

**RESPONSE:** Defendant objects as overbroad and unduly burdensome. Subject to and without waiving these objections, Defendant states that no responsive internal communications have been identified.

8. All contracts or documents representing agreements with any third party that dialed the calls to the Plaintiff.

**RESPONSE:** Defendant objects as premised on facts not admitted. Subject to and without waiving these objections, Defendant states that no responsive documents exist, as Defendant has identified no outbound telephone calls to Plaintiff.

9. All communications with any third party that dialed the calls to the Plaintiff.

**RESPONSE:** Defendant objects as overbroad and premised on an incorrect factual assumption. Subject to and without waiving these objections, Defendant states that no responsive documents exist.

10. All internal communications at your company regarding any third party that dialed the calls to the Plaintiff.

**RESPONSE:** Defendant objects as overbroad and premised on facts not admitted. Subject to and without waiving these objections, Defendant states that no responsive documents exist.

11. All communications with any third party that provided you the Plaintiff's telephone number.

**RESPONSE: Defendant objects as overbroad and unduly burdensome. Subject to and without waiving these objections, Defendant will produce non-privileged, responsive documents, if any, consistent with its objection.**

12. All internal communications at your company regarding any third party that provided you the Plaintiff's telephone number.

**RESPONSE: Defendant objects as overbroad. Subject to and without waiving these objections, Defendant states that no responsive internal communications have been identified.**

13. Please produce all documents relating to insurance coverage of the acts alleged by Plaintiff, including, but not limited to, all potentially applicable policies issued by any insurer and all communications with any such insurers, including, but not limited to, reservation-of-rights letters, regardless of whether or not such coverage purports to exclude the acts alleged in this matter and regardless of whether or not such insurers have declined coverage in this matter.

**RESPONSE: Subject to and without waiving its objections, Defendant will produce responsive insurance information, if any, as required by Rule 26(a)(1).**

14. Please produce all indemnification agreements under which a third party may be responsible for satisfying all or part of a judgment that may be entered against you in this action, and all communications with those third parties.

**RESPONSE: Defendant objects as overbroad. Subject to and without waiving these objections, Defendant states that no responsive indemnification agreements have been identified.**

11

15. Please produce all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force. This request specifically includes, but is not limited to, policies related to the following:

   a) compliance with the TCPA, including, but not limited to the rules, regulations, opinions, advisories, comments or filings of the Federal Communications Commission that relate to the TCPA or 47 C.F.R. § 64.1200;

   b) obtaining or verifying prior express consent;

   c) complying with E-SIGN Act, 15 U.S.C. §§ 7001 *et seq.*

**RESPONSE: Defendant objects as overbroad and seeking irrelevant information. Subject to and without waiving these objections, Defendant states that no responsive documents have been identified relating to outbound telephone call compliance, as Defendant has identified no outbound telephone calls to Plaintiff.**

16. Please produce all documents containing any of the following information for each outbound telemarketing call or text sent by you or your vendors, including to the Plaintiff:

   a) the date and time;

   b) the caller ID;

   c) any stop request received;

   d) any recorded message used;

   e) the result;

   f) identifying information for the recipient; and

   g) any other information stored by the call detail records.

**RESPONSE: Defendant objects as overbroad and premised on facts not admitted. Subject to and without waiving these objections, Defendant states that no call detail records exist reflecting outbound telephone calls to Plaintiff. Defendant will produce non-privileged, responsive text-message records, if any, consistent with its objections.**

17. Produce all documents evidencing purported consent obtained for calls or texts made during the class period, including any lead generation forms, webforms or audit trails.

**RESPONSE: Defendant objects as overbroad and premised on facts not admitted. Subject to and without waiving these objections, Defendant states that no documents evidencing consent for outbound telephone calls exist, as Defendant has identified no outbound telephone calls to Plaintiff.**

18. Produce all documents, reports, or data files that reflect scrubbing of call lists against the National Do Not Call Registry during the relevant time period.

**RESPONSE: Defendant objects as overbroad and premised on an incorrect factual assumption. Subject to and without waiving these objections, Defendant states that no responsive documents exist, as Defendant has identified no outbound telephone calls to Plaintiff.**

19. Produce all communications with regulators (including the FCC, FTC, and state attorneys general) regarding telemarketing or Do Not Call compliance during the class period.

**RESPONSE: Subject to and without waiving its objections, Defendant states that no responsive documents exist, as Defendant has not communicated with regulators regarding outbound telemarketing.**

20. All communications with any third party concerning this litigation other than your attorney.

13

**RESPONSE:** Subject to and without waiving its objections, Defendant states that no responsive documents exist, other than communications with counsel, which are privileged.

RESPECTFULLY SUBMITTED AND DATED this 23rd day of December, 2025.

*/s/ Alan J. Sasson*
Alan J. Sasson, Esq.
The Law Office of Alan J. Sasson, P.C.
2102 Avenue Z, Suite 201
Brooklyn, NY 11235
(718) 339-0856
Alan@Sassonlaw.com

## VERIFICATION

STATE OF NEW YORK      )
                                             .ss:
COUNTY OF NEW YORK  )

I, JOSEPH GRAND, hereby affirms under the penalty of perjury, depose and say:

I am the President of Defendant RFG USA Inc. d/b/a Royal Funding Group. I have read the foregoing Responses and Objections to Plaintiff's First Set of Interrogatories and Requests for Production, and I am familiar with the facts stated therein.

The responses are true and correct to the best of my knowledge, information, and belief, based upon a reasonable review of Defendant's records and information available at this time.

Dated: December 23, 2025
          New York, New York

_____
JOSEPH GRAND

15