# PARONICH LAW, P.C.

350 Lincoln Street, Suite 2400
Hingham, MA 02043

Anthony I. Paronich

Tel. (508) 221-1510
Fax (508) 318-8100
anthony@paronichlaw.com

November 6, 2025

**VIA ECF**

Hon. Joseph A. Marutollo
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: <u>Hoffman v. RFG USA Inc. d/b/a Royal Funding Group</u>, No. 1:25-cv-02186

Dear Judge Marutollo:

    **A. Brief statement of the case and issues.**

    This is a putative TCPA class action arising from alleged telemarketing calls and text messages made to telephone numbers listed on the National Do-Not-Call Registry and messages lacking required caller identification. Plaintiff's claims include violations of 47 U.S.C. § 227 and 47 C.F.R. § 64.1200 (including Do-Not-Call and identification requirements), and parallel state-law claims under Washington's Commercial Consumer Protection Act. Plaintiff alleges that Defendant initiated communications using common lead-generation outreach practices and that records will show the scope of the calling practices, consent practices and other applicable policies.

    While the Defendant still has not produced any documents of any kind, third-party discovery has revealed a large scope of allegedly unlawful marketing activity. A version of the Plaintiff's expert report without exhibits (that contains PII) is attached as <u>Exhibit A</u>. The report identifies a reliable methodology for analyzing Defendant's text records and, based on the materials reviewed, concludes that 1,300,864 messages were sent to 167,917 unique telephone numbers that had been on the National Do-Not-Call Registry for more than thirty (30) days and received two (2) or more texts within 365 days.

    **B. Plaintiff's position**

    Plaintiff seeks discovery concerning Defendant's asserted consent defenses, including what consent information Defendant contends supports the communications at issue, the source(s) of any consent data, the form of consent, the date and method consent was obtained, any consent language used, and any revocations. These materials are directly relevant to Defendant's defenses, to class certification issues, and to the merits of the claim at issue.

As the Advisory Committee Notes for the 2015 Amendment to Rule 26(b)(1) make clear, in cases like this one "involv[ing] what often is called 'information asymmetry[,]' [o]ne party -- often an individual plaintiff -- may have very little discoverable information," and "[t]he other party may have vast amounts of information, including information that can be readily retrieved and information that is more difficult to retrieve … often mean[ing] that the burden of responding to discovery lies heavier on the party who has more information, ***and properly so***." *See also Jones v. Safe Sts. USA LLC*, No. 5:19-CV-394-BO, 2020 U.S. Dist. LEXIS 105364, at *10 (E.D.N.C. June 16, 2020) ("the requested information, including call logs and customer lists, has been determined in other TCPA actions to be relevant and not unduly burdensome")

Here, Defendant;s vendor has produced all of its calling records during the class period that the Plaintiff has requested them in discovery. Requesting a list of persons that were the recipients of telemarketing calls is a standard practice in TCPA and other telemarketing putative class actions because it is relevant to class certification and the merits of plaintiffs' and class members' claims. As such, class discovery is appropriate at this juncture and the Defendant should make the production of information related to their affirmative defense consistent with that.

A telemarketer who claims it had consent to contact a particular consumer bears the burden of proof, and must maintain records that prove such a claim. The FCC has cautioned that a telemarketer claiming consent "must be prepared to provide clear and convincing evidence of the existence of such a relationship." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* FCC 03-153 at ¶112, -- FCC Rcd. --, 2003 WL 2157853, 2003 FCC LEXIS 3673 (July 3, 2003) (emphasis added).  The FCC has also noted: In the event a complaint is filed, the burden of proof [as to whether prior express consent was obtained] rests on the sender to demonstrate that permission was given.  We strongly suggest that senders take steps to promptly document that they received such permission. *Id.* at ¶46.

Under the TCPA, "express consent" is an affirmative defense to a TCPA claim alleging unsolicited phone calls. *Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1044 (9th Cir. 2017); *see also Beard v. John Hiester Chevrolet, LLC*, 640 F. Supp. 3d 420, 428 (E.D.N.C. 2022) ("Prior express consent is an affirmative defense to liability under the TCPA." (citation omitted)). So, Defendant "bears the burden of proof on the issue of consent." *True Health Chiropractic, Inc. v. McKesson Corp.*, 896 F.3d 923, 931 (9th Cir. 2018) (analyzing a TCPA case).

As another Court held in a TCPA case when compelling similar information:

> If defendant cannot substantiate this defense with documents or information responsive to the interrogatory, it should say so under verification and withdraw that defense.

*Martin v. Bureau of Collection Recovery*, No. 10 C 7725, 2011 WL 2311869, at *1 (N.D. Ill. June 13, 2011). As such, the Plaintiff has a legitimate need for this information and a reasonable expectation that it be produced. Another court in Massachusetts recently compelled the substantively same request in a TCPA case:

> Plaintiff's motion to compel, Dkt. [19], is GRANTED, subject to the below.  The documents requested in RFP 16 are relevant to the assessment of damages and

numerosity. Defendant objects that the request is facially overbroad, Dkt. [22] at 8-9, but that argument ignores Plaintiff's reasonable clarification, Dkt. [19] at 11-12. Accordingly, Defendant must produce documents sufficient to show the information identified in RFP 16, items (a)-(e), as well as well as other "data that is housed natively in the telemarketing call logs," Dkt. [19] at 11, consistent with RFP 16, item (f).

The documents requested in RFP 17 are relevant to Defendant's consent defense. Defendant objects that RFP 17 would require it to hunt for "every single webpage on which putative class members referenced their telephone numbers," Dkt. [22] at 11, but the Court does not find this to be a reasonable reading of the Request. Defendant must produce documents on which it has relied, relies, or intends to rely in asserting a defense of consent…Pursuant to Fed. R. Civ. P. 37(a)(5)(A), Plaintiff may submit a motion for fees within 14 days.

*See Simmons v. Author Reputation Press LLC*, Civil Action No. 1:24-cv-12330, ECF No. 23 (D. MA., June 18, 2025). This Court should compel the same.

Plaintiff therefore respectfully requests the following relief:

1. Compelling production of all consent-related information and documents responsive to Plaintiff's interrogatories and requests for production.

2. Awarding such other relief as the Court deems appropriate, including an expedited schedule given the proximity to the discovery deadline.

### C. Defendant's Position

Defendant RFG USA Inc. d/b/a Royal Funding Group respectfully submits that it has acted in good faith in responding to Plaintiff's discovery requests and has recently produced responsive documents relating to Plaintiff's telephone number and the communications at issue. This production includes message logs and communications reflecting Plaintiff's interactions with Defendant's representatives, as well as records relating to opt-out status. Defendant produced these materials promptly upon collecting them and continues to conduct a reasonable search for additional responsive information.

Defendant disputes Plaintiff's characterization that Defendant has failed to produce discovery. Defendant has produced documents currently located in its possession relating to Plaintiff's individual claims and is continuing to investigate historical records relating to lead sources, consent-related information, and third-party vendors. To the extent

additional responsive documents are identified, Defendant will supplement its production in accordance with Rule 26(e).

Defendant notes that certain responsive information may be maintained by third-party service providers, including texting platforms and historical lead-generation vendors, and Defendant is making reasonable efforts to locate and obtain any such records that remain available.

Plaintiff's request for broad discovery concerning putative class members is premature and disproportionate at this stage of the litigation. Discovery should initially be focused on Plaintiff's individual claims and the communications involving Plaintiff's telephone number before the parties incur the burden and expense associated with expansive class-wide discovery.

Defendant remains willing to continue meeting and conferring in good faith to narrow any remaining disputes and complete discovery in an efficient manner without unnecessary motion practice.

Defendant is also amenable to exploring an early resolution of this matter and is willing to participate in mediation or other alternative dispute resolution at a mutually convenient time.

Accordingly, Defendant respectfully submits that a motion to compel is unnecessary at this time and that the parties should be permitted to complete discovery through continued cooperation and supplementation.

### D. Certification of meet-and-confer.

Plaintiff and Defendant certify that the parties met and conferred in good faith by email and telephone on multiple occasions regarding Plaintiff's requests for consent-related discovery and Defendant's production and supplementation, including correspondence and/or phone calls on January 2, 2026, January 18–20, 2026, February 1, 2026, and February 4–5, 2026, and additional follow-up through February 11, 2026, but were unable to resolve the dispute.

                                                                              Respectfully submitted,

| | |
|---|---|
| */s/ Anthony I. Paronich* | */s/ Alan J. Sasson* |
| Anthony I. Paronich | Alan J. Sasson |
| Paronich Law, P.C. | Law Office of Alan J. Sasson, P.C. |
| 350 Lincoln Street, Suite 2400 | 2102 Avenue Z, Suite 201 |
| Hingham, MA 02043 | Brooklyn, NY 11210 |
| Tel: (617) 485-0018 | Tel.: (718) 339-0856 |
| anthony@paronichlaw.com | Alan@Sassonlaw.com |
| Counsel for Plaintiff | Counsel for Defendant |